UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SCOTT CARRION**,

                      Plaintiff,

v.                                   CASE NO.:

**SUNRISE CREDIT SERVICES, INC.**
**(a foreign corporation)**

                      Defendant.
_____/

**COMPLAINT**
**JURY TRIAL DEMANDED**

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, SCOTT CARRION, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

4. Defendant, SUNRISE CREDIT SERVICES, INC. is a foreign corporation and citizen of the State of New York with its principal place of business at 260 Airport Plaza, Farmingdale, New York 11735.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9. Defendant left the following messages on Plaintiff's voice mail on his telephone on or about the dates stated:

> February 7, 2011 at 2:01 pm
> "Hello, this is an important message for Scott Carrion. Please contact Margaret at 866-257-3628 extension 3135. It's important that you return my call back as soon as possible. Thank you."
>
> February 21, 2011 at 3:23pm
> "Hi, this is an important message for Scott Carrion. Please contact Stafford at 866-257-3628. You can reach me at the extension 3232. Thank you."
>
> February 22, 2011 at 12:25 pm
> "Hi, this is an important message for Scott Carrion. Please contact Stafford at 866-257-3628. You can reach me at the extension 3232. It is important that you return this call. Thank you, and have a nice day."

<u>February 25, 2011 at 2:17 pm</u>
"Hi, this is an important message for Scott Carrion. Contact me at 866-257-3628 at extension 3241. It is important that you return the call as soon as possible. Thank you."

<u>March 30, 2011 at 12:29 pm</u>
"Hi this is an important message for Scott Carrion. [inaudible] 866-257-3628. You can reach me at extension 3234. It is important that you return this call, thank you and have a nice day."

<u>April 4, 2011 at 12:36 pm</u>
"Hello, this is an important message for Scott Carrion. Please contact Margaret at 866-257-3628. It's important that you return our call today. I'll be in the office until 9pm Eastern time. Thank you."

10. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

11. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006).

12. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

13. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

14. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F.

Supp. 2d 643, 646 (S.D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

15. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

16. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6).  See *Dokumaci v. MAF Collection Servs.*, 2011 U.S. Dist. LEXIS 22390 (M.D. Fla. Mar. 4, 2011); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

17. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

18. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

19. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

20. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. A declaration that Defendant's practices violate the FCCPA;

d. Permanently enjoining Defendant from engaging in the complained of practices; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

21. Plaintiff demands trial by jury.

        THE CONSUMER RIGHTS LAW GROUP, PLLC

        By:   /s/ James S. Giardina
                James S. Giardina, Esq.
                *Trial Counsel*
                FBN: 0942421
                3802 W Bay to Bay Blvd., Suite 11
                Tampa, FL 33629-6817
                Tel: 813-413-5610 (direct)
                Fax: 866-535-7199
                *Attorneys for Plaintiff*